Erica D. Wilson (SBN 161386)
*ewilson@goodwinprocter.com*
Ruby Wayne Wood (SBN 229538)
*rwood@goodwinprocter.com*
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel: (650) 752-3100
Fax: (650) 853-1038

Attorneys for Plaintiff
SecuGen Corporation

D. James Pak (SBN 194331)
*d.james.pak@bakernet.com*
April M. Wurster (SBN 228038)
*april.m.wurster@bakernet.com*
BAKER & McKENZIE LLP
12544 High Bluff Drive, Third Floor
San Diego, CA  92130
Tel: (858) 523-6236
Fax: (858) 259-8290

Attorneys for Defendant
Union Community Co. Ltd.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SecuGen Corporation,<br><br>　　　　*Plaintiff,*<br><br>　vs.<br><br>Union Community Co. Ltd.,<br><br>　　　　*Defendant.* | Case No.  C08 01306 RMW (HRL)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　August 8, 2008<br>Time:　10:30 a.m. |

Plaintiff SecuGen Corporation ("SecuGen") and defendant Union Community Co., Ltd. ("Union Community") jointly submit this Case Management Statement pursuant to Civil Local Rule 16-9 and the Order of the Court entered June 12, 2008.

1

## I. JURISDICTION AND SERVICE

This is a case for patent infringement brought pursuant to 35 U.S.C. §271 *et seq.* Plaintiff SecuGen alleges that Union Community infringes United States Patent No. 6,324,020 ("the '020 Patent"). This Court has subject matter jurisdiction over SecuGen's cause of action for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338.

Union Community was served with the Complaint on April 2, 2008, and served its Answer on May 22, 2008. In its Answer, while not admitting personal jurisdiction or venue was proper, Union Community did not contest personal jurisdiction or venue, and did not file any counterclaims.

On July 3, 2008, the parties entered into a stipulation pursuant to Fed. R. Civ. P. 15 permitting SecuGen to file a Second Amended Complaint, and permitting Union Community to have 30 days from the date the Proposed Order is signed by the Court in which to respond to the Second Amended Complaint. SecuGen filed the Stipulation and [Proposed] Order Granting Leave to File Second Amended Complaint on July 3, 2008 and is awaiting Court approval of the stipulation. The proposed Second Amended Complaint adds causes of action for copyright infringement and unfair competition. This Court has subject matter jurisdiction over the causes of action in the Second Amended Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

## II. FACTS

### A. SecuGen's Statement of Background Facts

SecuGen is a leading provider of biometric devices including fingerprint recognition devices ("FRDs"). An FRD is a device used to identify an individual by his or her fingerprint. FRDs have a variety of uses including, among other things, providing security for products such as computers, door locks, and cell phones as well as secure access at immigration entry points. Union Community is a former SecuGen customer that purchased optics modules from SecuGen for use in Union Community's FRDs. SecuGen is the sole owner of the '020 Patent which is directed to optics modules used in FRDs.

On or about February 20, 2003, SecuGen and Union Community entered into a Mutual Non-Disclosure Agreement ("NDA"). In connection with its sales of optics modules to Union Community, SecuGen was required to provide Union Community with certain confidential

2

information, including design drawings of SecuGen's optics modules, so that Union Community could incorporate SecuGen's optics modules into its FRDs. Union Community also obtained SecuGen's Software Developer's Kit FDxSDK for Windows (version 3.01) ("SDK") to permit Union Community to use the optics modules in its FRDs. The SDK contains the software necessary to operate SecuGen's optics modules in fingerprint recognition devices. Such software includes for example, fingerprint extraction algorithms which are used to obtain and store the fingerprint of an authorized user in a database, and fingerprint verification modules which match fingerprints stored in a database to a fingerprint that is imaged by the optics module.

In 2006 and 2007, the number of optics modules that Union Community purchased from SecuGen dropped dramatically. SecuGen learned that rather than purchase optics modules from SecuGen, Union Community largely copied SecuGen's optics module and incorporated the copied optics modules into its FRDs. These Union Community FRDs have been imported by Union Community into the United States and sold in this judicial district. SecuGen marks at least some of its products with the '020 Patent. It is SecuGen's position that Union Community also had actual notice of the '020 Patent.

Recently, SecuGen learned that Union Community is distributing software with its FRDs that it copied from SecuGen. The copied software is registered with the Copyright Office, Registration number TX 6-836-797. Accordingly, as discussed below, on July 3, 2008 SecuGen sought to amend its pleadings to state a claim for copyright infringement. In addition, SecuGen also recently learned that Union Community obtained a United States design patent (U.S. Patent No. D553,515) on the design of an optics module that is nearly identical to the optics module designed by SecuGen and sold by SecuGen to Union Community. As is also discussed below, SecuGen seeks leave to amend its pleadings to state claims for unfair competition, and requests an order that the Union Community design patent, which is invalid and unenforceable, be dedicated to the public.

SecuGen currently has no knowledge of the amount of sales of the accused products that has occurred in the United States, but served document requests seeking that information on July 15, 2008.

**Goodwin Procter LLP**
**135 Commonwealth Drive**
**Menlo Park, California 94025**

**B.    Union Community's Background Facts**

The present action and the '020 Patent relate to fingerprint sensors used in Fingerprint Recognition Devices ("FRDs"). Examples of FRDs include, *inter alia,* (a) fingerprint scanners which include fingerprint sensors and USB interface modules for connecting to computers for user interface and provided with Software Developer's Kits ("SDKs"); (b) fingerprint terminals which include fingerprint sensors and access control systems for connecting to a network; and (c) fingerprint door-locks which include fingerprint sensors and door-locking mechanisms.

Defendant Union Community is a Korean corporation which manufactures and sells completed FRDs principally in Korea, and has no offices or employees in the United States. To assemble its completed FRDs, Union Community purchases fingerprint sensors from third party suppliers, including Kolen Co., Ltd. ("Kolen"), NitGen Co., Ltd. ("NitGen"), and Plaintiff SecuGen. Union Community has explored entering the United States market, and Union Community's sales figure for its FRDs incorporating non-SecuGen sensors to customers based in the United States to date has been substantially less than $150,000 in the aggregate. There is no currently on-going sales of any of the accused products in the United States, and there is no likelihood of any infringing sales in the future in the United States as Union Community will utilize NitGen's fingerprint sensors which are believed to be fully licensed under the '020 Patent.

Starting in 1999, Plaintiff SecuGen and NitGen began supplying their fingerprint sensors, scanners and/or SDK products to Union Community. During that time, Union Community was led to believe that SecuGen and NitGen were related companies. Since 1999, however, SecuGen has gone through a number of corporate changes, including (a) its disassociation from NitGen; (b) a Chapter 11 bankruptcy filing in the United States in June, 2005 that appears to be still on-going; and (c) acquisition by a Korean company Pivotec Co., Ltd. in May, 2006. As recently as September of 2007, Union Community purchased SecuGen's fingerprint scanners based on customer demand. In order to support these FRDs incorporating the NitGen and SecuGen sensors, Union Community supplies SDKs, free of charge, provided by NitGen and SecuGen to its customers.

On June 27, 2007, despite the on-going supplier relationship, SecuGen filed a Korean patent infringement lawsuit against Union Community in Korea, asserting Korean Patent No. 469,571

4

("KR '571 Patent"), which SecuGen has purported to be a foreign counterpart to the '020 Patent. On August 28, 2007, Union Community countered with a patent invalidity proceeding in Korea, seeking invalidation of the KR '571 Patent.

On March 6, 2008, without any warning to Union Community, SecuGen filed this lawsuit against Union Community asserting the '020 Patent and U.S. Patent No. 6,381,347 ("the '347 Patent"). SecuGen never sent Union Community a cease and desist letter or other warning to stop its alleged infringement of the '020 Patent. On March 27, 2008, SecuGen filed its First Amended Complaint withdrawing the '347 Patent. Union Community filed its Answer to the First Amended Complaint on May 22, 2008. On July 3, 2008, the parties entered into a stipulation permitting SecuGen to file a Second Amended Complaint, and giving Union Community 30 days from the date the Proposed Order is signed by the Court in which to respond to the Second Amended Complaint.

On July 15, 2008, the Korean Patent Office issued an opinion holding that the claims of the KR '571 Patent are invalid for lack of novelty and for obviousness. Union Community plans to file a reexamination request at the U.S. Patent and Trademark Office regarding the validity of the '020 Patent in the week of August 4, 2008.

**C.     SecuGen's Statement of Principal Factual Issues Currently In Dispute**

1. Whether Union Community directly infringes the '020 Patent;
2. Whether Union Community contributes to the infringement of the '020 Patent;
3. Whether Union Community actively induces infringement of the '020 Patent;
4. Whether Union Community's infringement of the '020 Patent is willful;
5. The amount of infringing sales by Union Community;
6. The extent to which infringing sales by Union Community continue to occur;
7. The measure of damages to which SecuGen is entitled for Union Community's willful infringement;
8. Whether SecuGen is entitled to injunctive relief based on Union Community's willful infringement;
9. Whether Union Community infringes SecuGen's copyright; and
10. Whether Union Community's conduct constitutes unfair business practices.

5

**D.    Union Community's Statement of Principal Factual Issues Currently In Dispute**

1. Whether SecuGen has a standing to sue Union Community for any alleged infringement of the '020 Patent;

2. Whether any of Union Community's accused products infringe the '020 Patent;

3. Whether the '020 Patent is valid and/or enforceable;

4. Whether SecuGen's copyright claim is barred by the first sales doctrine;

6. Whether SecuGen is legally and/or equitably estopped from asserting its claim or other rights against Union Community;

7. In view of the absence of actual notice or any on-going infringement, whether SecuGen is entitled to any measure of damages;

8. Any other disputed issues raised by any amended pleadings of SecuGen.

## III.    LEGAL ISSUES

At this stage of the litigation, it is SecuGen's position that there are only issues of fact to be determined. Any disputed legal issues are those raised by Union Community.

Union Community may raise the legal issue of enforceability depending on what is discovered during the discovery process.

## IV.    MOTIONS

### A.    Past Motions

Union Community filed an unopposed motion to extend the time in which to answer the Complaint to May 22, 2008. Union Community filed its Answer on May 22, 2008.

### B.    Pending Motions

There are currently no motions pending before the Court.

### C.    Anticipated Motions

1.    **SecuGen**

SecuGen anticipates filing an early motion for summary judgment of infringement, if the Court permits.

2.      **Union Community**

Presently, Union Community anticipates filing a motion to stay pending re-examination of the '020 Patent by the U.S. Patent and Trademark Office.

If the case is not stayed, Union Community anticipates filing summary judgment motions regarding SecuGen's claims and invalidity, if the Court permits.

## V.     AMENDMENT OF PLEADINGS

### A.     SecuGen

As discussed above, on July 3, 2008 the parties stipulated to SecuGen's filing of a Second Amended Complaint. The Second Amended Complaint adds a claim for copyright infringement based on Union Community's infringement of SecuGen's copyright in SecuGen's FDxSDK for Windows (version 3.01) software. SecuGen also included claims of unfair competition based on Union Community having patented in the name of Union Community's CEO, an optics module that Union Community knows its CEO did not invent, but rather was invented by SecuGen.

SecuGen filed the Stipulation and [Proposed] Order Granting Leave to File Second Amended Complaint on July 3, 2008 and the parties are awaiting the Court's approval.

### B.     Union Community

Union Community will respond to any amended pleadings by SecuGen and/or may amend its pleadings to conform to the evidence discovered during discovery.

## VI.    EVIDENCE PRESERVATION

### A.     SecuGen

SecuGen is aware of, and has notified its employees of, the requirement that potentially relevant evidence be preserved. SecuGen maintains many of its records electronically. These records are backed-up onto DVDs which are not overwritten.

### B.     Union Community

Union Community is aware of, and has notified and instructed its employees of, the requirement that potentially relevant evidence be preserved, including electronic documents. Union Community is aware of no document destruction program that has been initiated since the commencement of this lawsuit.

7

**VII. DISCLOSURES**

The parties have exchanged initial disclosures.

**VIII. DISCOVERY**

Pursuant to the Federal Rule of Civil Procedure 26(f), the parties met and conferred concerning discovery, on May 28, 2008. On July 15, 2008, SecuGen served its First Set of Requests For Production of Documents and Things. The parties propose the following schedule:

| Discovery | SecuGen's Proposed Deadlines | Union Community's Proposed Deadlines |
|---|---|---|
| 1. Disclosure of Asserted Claims and Infringement Contentions and accompanying document production (Patent L.R. 3-1, 3-2). | In accordance with Patent L.R. 3-1, 3-2, August 22, 2008. | In accordance with Patent L.R. 3-1, 3-2, August 22, 2008. |
| 2. Invalidity Contentions and accompanying document production (Patent L.R. 3-3, 3-4). | In accordance with Patent L.R. 3-3, 3-4, October 6, 2008. | In accordance with Patent L.R. 3-3, 3-4, October 6, 2008. |
| 3. Exchange of Proposed Terms for Construction (Patent L.R. 4-1). | In accordance with Patent L.R. 4-1, October 20, 2008. | In accordance with Patent L.R. 4-1, October 20, 2008. |
| 4. Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2). | In accordance with Patent L.R. 4-2, November 10, 2008. | In accordance with Patent L.R. 4-2, November 10, 2008. |
| 5. Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3). | In accordance with Patent L.R. 4-3, December 5, 2008. | In accordance with Patent L.R. 4-3, December 5, 2008. |
| 6. Completion of Claim Construction Discovery (Patent L.R. 4-4). | In accordance with Patent L.R. 4-4, January 5, 2009. | In accordance with Patent L.R. 4-4, January 5, 2009. |
| 7. Claim Construction Brief (Patent L.R. 4-5(a)). | In accordance with Patent L.R. 4-5(a), January 19, 2009. | In accordance with Patent L.R. 4-5(a), January 19, 2009 |
| 8. Close of Fact Discovery. | January 16, 2009 | March 20, 2009 |
| 9. Claim Construction Opposition Brief (Patent L.R. 4-5(b)). | In accordance with Patent L.R. 4-5(b), February 2, 2009. | In accordance with Patent L.R. 4-5(b), February 2, 2009. |
| 10. Claim Construction Reply Briefs (Patent L.R. 4-5(c)). | In accordance with Patent L.R. 4-5(c), February 11, 2009. | In accordance with Patent L.R. 4-5(c), February 11, 2009. |

Goodwin Procter LLP
135 Commonwealth Drive
Menlo Park, California 94025

| | | | |
|---|---|---|---|
| 11. | Claim Construction Hearing (Patent L.R. 4-6). | In accordance with Patent L.R. 4-6, February 25, 2009 (Subject to the Court's availability.) | February 25, 2009 (Subject to the Court's availability.) |
| 12. | Opening Expert Reports (on the issues regarding which the party has the burden of proof.) | 30 days after the Court issues claim construction ruling. | 90 days after Claim Construction Hearing |
| 13. | Rebuttal Expert Reports. | 21 days after Opening Expert Reports. | 30 days after Opening Expert Reports |
| 14. | Close of Expert Discovery. | 14 days after Rebuttal Expert Reports. | 21 days after Rebuttal Expert Report |
| 15. | Last Day to File Dispositive Motions. | 14 days after Close of Expert Discovery. | 60 days after Close of Expert Discovery |

The parties do not propose any modifications of the discovery rules.

## IX. CLASS ACTIONS

This case is not a class action.

## X. RELATED CASES

The parties are not aware of any related cases or proceedings pending before another Judge of this Court, or before another court or administrative body within the United States. There is a case concerning a Korean patent which SecuGen has represented as a foreign counterpart to the '020 Patent pending in the Republic of Korea, as well as Union Community's invalidation action against SecuGen in the Korean Patent Office regarding the validity of the Korean counterpart of the '020 patent.

## XI. RELIEF

### A. SecuGen's Statement of Relief

SecuGen seeks the following relief from this Court:

1. A judgment that Union Community has infringed the '020 Patent;

2. A judgment that Union Community's acts of patent infringement are willful;

3. A judgment that Union Community has infringed SecuGen's copyright;

4. A judgment that Union Community's copyright infringement is willful;

9

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C08 01306 RMW (HRL)

5.  A preliminary and permanent injunction enjoining Union Community, its officers, subsidiaries, affiliates distributors, agents, servants, employees, attorneys, and all persons in active concert with it, from any further infringement of the '020 Patent or SecuGen's copyright registration number TX 6-386-797;

6.  Damages (including lost profits and a reasonable royalty), costs, and prejudgment interest for Union Community's patent infringement and copyright infringement, including enhanced damages for Union Community's willful infringement;

7.  A declaration that this is an exceptional case pursuant to 35 U.S.C. § 285 and award of reasonable attorneys' fees;

8.  An injunction ordering Union Community to dedicate design patent D553,515 to the public.

Further, as Union Community did not file any declaratory judgment counterclaims, it is thus not entitled to the declaratory relief it seeks.

### B.  Union Community's Statement of Relief

Union Community seeks the following relief from the Court:

1.  Dismissal with prejudice of the First Amended Complaint;

2.  An Order that the asserted claims of the '020 patent are not valid;

3.  An Order that the asserted claims of the '020 patent are not infringed;

4.  A Declaration that this case is exceptional under 35 U.S.C. § 285;

5.  An award of Union Community's costs of suit, including reasonable attorneys' fees, under 35 U.S.C. § 285; and

6.  Such further relief as this Court deems appropriate.

Further, Union Community states that no damages are recoverable as SecuGen has provided no notice of the '020 Patent to Union Community prior to the filing of the lawsuit and there has been no infringing sales since the filing of the lawsuit.

### XII.  SETTLEMENT AND ADR

The parties have had informal settlement talks, but have not reached a resolution. The parties have fully complied with ADR L.R. 3-5. On May 28, 2008, the parties met and conferred to discuss

an appropriate ADR process. Plaintiff SecuGen would like to proceed with private mediation while Defendant Union Community prefers an Early Neutral Evaluation. A telephonic conference with the ADR office is scheduled for August 5, 2008.

**XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Union Community has declined to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and the case was reassigned to this Court.

**XIV.  OTHER REFERENCES**

The parties believe that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.  NARROWING OF ISSUES**

SecuGen does not believe that the issues can be narrowed at this time.

In view of the very limited sales of the accused products in the United States, which amounts to less than $150,000 to date, and no on-going or future sales of the accused products in the United States, Union Community is open to discussing the narrowing of issues rather than litigating all triable issues in this case or other adjustments to the case management schedule in order to achieve a just, speedy and inexpensive disposition.

**XVI.  EXPEDITED SCHEDULE**

It is SecuGen's position that this case is amenable to expedited resolution.

Union Community believes this case should be stayed pending the reexamination of the '020 Patent by the U.S. Patent and Trademark Office in view of the fact that the Korean Patent Office has recently invalidated the Korean counterpart of the '020 Patent and the Japanese Patent Office rejected claims similar to the '020 Patent in its Japanese counterpart.

**XVII.  SCHEDULING**

The parties have proposed a schedule as set forth in Section 8 above.

Under SecuGen's proposed schedule, opening expert reports are due 30 days after the Court issues the claim construction ruling with rebuttal expert reports being due 21 days later. Claim construction discovery cut-off is January 5, 2009. Fact discovery cut-off is January 16, 2009 and expert discovery cut-off is 14 days after the parties file rebuttal expert reports. Pursuant to

11

SecuGen's proposed schedule, the last day to file dispositive motions is 14 days after the close of expert discovery. The pretrial conference would occur in September 2009 with trial in October 2009.

Under Union Community's proposed schedule, fact discovery cut-off is March 20, 2009 and expert discovery cut-off is 21 days after Rebuttal Expert Reports are due. Claim construction discovery cut-off will be governed by the Patent Local Rules, and the Claim Construction Hearing is scheduled for February 25, 2009, subject to the Court's availability. Opening expert reports are due 90 days after the Claim Construction hearing, and rebuttal expert reports are due 30 days after Opening Expert Reports, in order to allow the experts to incorporate any claim construction rulings issued by the Court by that time. Pursuant to Union Community's proposed schedule, the last day to file dispositive motions is 60 days after Close of Expert Discovery, and the hearing on dispositive motions would occur in September 2009. The pretrial conference would occur in November 2009 with trial in December 2009.

## XVIII. TRIAL

SecuGen requests a jury trial in this matter and anticipates a 10 day trial.

Union Community requests a jury trial in this matter and anticipates a 5 day trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

SecuGen filed the "Certification of Interested Entities or Parties" pursuant to Civil Local Rule 3-16 on March 6, 2008. SecuGen identifies the following as persons, firms, partnerships, corporations (including parent corporations) or other entities to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding: Pivotec Co., Ltd.

Union Community filed the "Amended 7.1 Disclosure Statement" pursuant to Civil Local Rule 3-16 on May 23, 2008. Union Community identifies Dream Incubator, Inc. as having more than 10% of Union Community's stock.

## XX. OTHER MATTERS

### A. SecuGen

SecuGen is willing to discuss the narrowing of issues in order to facilitate a just and speedy

resolution. However, due to the early stage of litigation, there has been no discovery to support Union Community's position with regard to the amount of sales of the accused products that has occurred in the United States.

### B.    Union Community

In view of no notice of the '020 Patent to Union Community and the very limited sales of the accused products in the United States – which amounts to substantially less than $150,000 to date – and no on-going or future sales of the accused products in the United States, Union Community is open to discussing the narrowing of issues rather than litigating all triable issues in this case or other adjustments to the case management schedule in order to achieve a just, speedy and inexpensive disposition.

Dated: August 1, 2008

Respectfully submitted,

Plaintiff SecuGen Corporation

By its attorneys,

/s/
Erica D. Wilson
Email: ewilson@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Telephone: 650-752-3100
Facsimile: 650-853-1038

Defendant Union Community Co. Ltd.

By its attorneys,

D. James Pak
Email: d.james.pak@bakernet.com
April M. Wurster
Email: april.m.wurster@bakernet.com
BAKER & McKENZIE LLP
12544 High Bluff Drive, Third Floor
San Diego, CA 92130
Telephone: 858-523-6236
Facsimile: 858-259-8290

resolution. However, due to the early stage of litigation, there has been no discovery to support Union Community's position with regard to the amount of sales of the accused products that has occurred in the United States.

### B. Union Community

In view of no notice of the '020 Patent to Union Community and the very limited sales of the accused products in the United States – which amounts to substantially less than $150,000 to date – and no on-going or future sales of the accused products in the United States, Union Community is open to discussing the narrowing of issues rather than litigating all triable issues in this case or other adjustments to the case management schedule in order to achieve a just, speedy and inexpensive disposition.

Dated: August 1, 2008

Respectfully submitted,

Plaintiff SecuGen Corporation

By its attorneys,

_____
Erica D. Wilson
Email: ewilson@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Telephone: 650-752-3100
Facsimile: 650-853-1038

Defendant Union Community Co. Ltd.

By its attorneys,

_____
D. James Pak
Email: d.james.pak@bakernet.com
April M. Wurster
Email: april.m.wurster@bakernet.com
BAKER & McKENZIE LLP
12544 High Bluff Drive, Third Floor
San Diego, CA 92130
Telephone: 858-523-6236
Facsimile: 858-259-8290